

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 09- _CR 744 1-10_ |
| v. | DATE FILED: November 24, 2009 |
| HASSAN HODROJ | VIOLATIONS: |
| DIB HANI HARB | 18 U.S.C. § 2339B (conspiring/attempting |
| HASAN ANTAR KARAKI | to provide material support to a Foreign |
| MOUSSA ALI HAMDAN | Terrorist Organization - 3 counts) |
| HAMZE EL-NAJJAR, | 18 U.S.C. § 371 (conspiracy - 6 counts) |
| a/k/a "Hamze Al-Najjar," | 18 U.S.C. § 473 (dealing in counterfeit |
| MOUSTAFA HABIB KASSEM | obligations or securities - 1 count) |
| LATIF KAMEL HAZIME, | 18 U.S.C. § 1543 (passport fraud - 1 count) |
| a/k/a "Adanan," | 18 U.S.C. § 2314 (transportation of stolen |
| ALAA ALLIA AHMED MOHAMED, | goods - 10 counts) |
| a/k/a "Alaa Ahmed Mohamed | 18 U.S.C. § 2320 (trafficking in counterfeit |
| Abouelnagaa," | goods - 8 counts) |
| MAODO KANE | 18 U.S.C. § 1001 (false statements to |
| MICHAEL KATZ | government officials - 2 counts) |
| | 18 U.S.C. § 2 (aiding and abetting; causing) |
| | Notice of forfeiture |

*FILED NOV 24 2009 MICHAEL E. KUNZ, Clerk Dep. Clerk*

**INDICTMENT**

**COUNT ONE**

**(Conspiring to Provide Material Support to Hizballah)**

**THE GRAND JURY CHARGES THAT:**

From in or about June 2009 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**HASSAN HODROJ**
**and**
**DIB HANI HARB**

conspired and agreed with others known and unknown to the grand jury to commit offenses against the United States, that is, to provide "material support or resources," as that term is defined in 18

U.S.C. § 2339A(b), including weapons, to a Foreign Terrorist Organization, that is, Hizballah, which was designated by the Secretary of State as a Foreign Terrorist Organization, pursuant to Section 219 of the Immigration and Nationality Act, on or about October 7, 1997, and has remained so designated since that time.

## OVERT ACTS

In furtherance of this conspiracy, defendants HASSAN HODROJ and DIB HANI HARB, and others known and unknown to the grand jury committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1.     On or about June 13, 2009, defendant DIB HANI HARB instructed a cooperating witness (the "CW") to send him a photograph via electronic mail depicting firearms that the CW could obtain for Hizballah.

2.     On or about June 20, 2009, defendant DIB HANI HARB escorted the CW to a meeting with a Hizballah official ("Hizballah Official #1"), in which they discussed a proposed sale of firearms for Hizballah.

3.     On or about June 23, 2009, defendants HASSAN HODROJ and DIB HANI HARB met with the CW and agreed to purchase approximately 1,200 Colt M-4 Carbines at a price of approximately $1,800 per machinegun, and defendant HODROJ instructed the CW to export the machineguns in small shipments from the United States to the Port of Latakia, Syria.

4.     On or about August 5, 2009, defendant DIB HANI HARB sent a text message to the CW stating that Hizballah Official #1 called from Iran and emphasized the need for quick delivery of the machineguns.

-2-

5.       On or about August 30, 2009, defendant HASSAN HODROJ spoke with the CW via telephone about the proposed sale of machineguns for the benefit of Hizballah and the need for caution in executing this important transaction.

All in violation of Title 18, United States Code, Section 2339B.

-3-

## COUNT TWO

### (Attempting to Provide Material Support to Hizballah)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    Overt Acts One through Five of Count One of this Indictment are realleged here.

2.    From in or about June 2009 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**HASSAN HODROJ
and
DIB HANI HARB**

attempted, and aided and abetted and willfully caused another, to provide "material support or resources," as that term is defined in 18 U.S.C. § 2339A(b), including weapons, to a Foreign Terrorist Organization, that is, Hizballah, which was designated by the Secretary of State as a Foreign Terrorist Organization, pursuant to Section 219 of the Immigration and Nationality Act, on or about October 7, 1997, and has remained so designated since that time.

In violation of Title 18, United States Code, Sections 2339B and 2.

## COUNT THREE

### (Conspiring to Provide Material Support to Hizballah)

**THE GRAND JURY FURTHER CHARGES THAT:**

From in or about July 2008 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**DIB HANI HARB,**
**HASAN ANTAR KARAKI, and**
**MOUSSA ALI HAMDAN**

conspired and agreed with others known and unknown to the grand jury to commit offenses against the United States, that is, to provide "material support or resources," as that term is defined in 18 U.S.C. § 2339A(b), including false documentation and identification and currency and monetary instruments and financial securities, to a Foreign Terrorist Organization, that is, Hizballah, which was designated by the Secretary of State as a Foreign Terrorist Organization, pursuant to Section 219 of the Immigration and Nationality Act, on or about October 7, 1997, and has remained so designated since that time.

### OVERT ACTS

In furtherance of this conspiracy, defendants DIB HANI HARB, HASAN ANTAR KARAKI, MOUSSA ALI HAMDAN, and others known and unknown to the grand jury committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1.      On or about September 18, 2008, defendant DIB HANI HARB met with a cooperating witness (the "CW") and stated that the Islamic Republic of Iran manufactured high-quality counterfeit U.S. currency for the benefit of Hizballah and that, consequently, representatives of Hizballah would need to approve the sale of this type of counterfeit currency.

-5-

2.      On or about November 25, 2008, defendant MOUSSA ALI HAMDAN met with the CW in Philadelphia to discuss the sale of counterfeit United States currency.

3.      On or about December 3, 2008, defendant DIB HANI HARB told the CW via telephone that stolen United States currency had been packaged inside wedding albums and would be mailed the following day to the CW in Philadelphia.

4.      On or about February 14, 2009, defendant HASAN ANTAR KARAKI told the CW that the stolen United States currency offered for sale could not be used in Lebanon because it was "blood money" that Hizballah received from Iran.

5.      On or about February 24, 2009, defendant HASAN ANTAR KARAKI caused his assistant ("Individual A") to deliver a sample counterfeit 200-Euro and 100-United-States-dollar notes to the CW.

6.      On or about April 25, 2009, defendant DIB HANI HARB met with the CW in Florida to negotiate, among other things, the sale of stolen United States currency, which defendant HARB explained had been acquired in the course of robberies conducted by Hizballah's supporters and then subsequently smuggled into Lebanon for sale as a fund-raising tool for Hizballah.

7.      On or about April 25, 2009, defendant DIB HANI HARB met with the CW in Florida and told the CW, among other things, that Hizballah's representatives worked 18 to 20 hours a day counterfeiting many currencies, including those of the United States, Kuwait, Saudi Arabia, and the European Union.

8.      On or about May 8, 2009, defendant HASAN ANTAR KARAKI instructed the CW via telephone to send photographs for use in fraudulent passports to his home address and

to send the corresponding biographical information for each passport to defendant DIB HANI HARB via facsimile.

9.    On or about June 29, 2009, defendants DIB HANI HARB and HASAN ANTAR KARAKI caused to be delivered to the CW in Philadelphia two fraudulent passports — one from the United Kingdom and one from Canada — containing the photographs and biographical information that the CW had earlier supplied to the defendants.

10.    On or about September 3, 2009, defendant DIB HANI HARB confirmed to the CW via telephone that he had mailed a package that the CW received in Philadelphia that same day containing approximately $9,200 counterfeit U.S. currency hidden inside a photo album.

All in violation of Title 18, United States Code, Section 2339B.

## COUNT FOUR

### (Conspiracy to Transport Weapons in Interstate Commerce)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      From in or about June 2009 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**HASSAN HODROJ**
**and**
**DIB HANI HARB**

conspired and agreed with others known and unknown to the grand jury to commit offenses against the United States, that is, for a person who was not a licensed importer, licensed manufacturer, licensed dealer, and licensed collector to transport in interstate or foreign commerce machineguns (as defined in section 5845 of the Internal Revenue Code of 1986), that is, approximately 1,200 Colt M-4 Carbines, in violation of Title 18, United States Code, Sections 922(a)(4).

2.      Overt Acts One through Five of Count One of this Indictment are realleged here.

All in violation of Title 18, United States Code, Section 371.

-8-

## COUNT FIVE

**(Conspiracy to Deal in Counterfeit Obligations or Securities)**

**THE GRAND JURY FURTHER CHARGES THAT:**

        1.      From in or about August 2008 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**DIB HANI HARB,**
**HASAN ANTAR KARAKI, and**
**MOUSSA ALI HAMDAN**

conspired and agreed with others known and unknown to the grand jury to commit offenses against the United States, that is, to sell, exchange, transfer, receive, and deliver false, forged, counterfeited, and altered obligations and other securities of the United States, that is, United States currency, with the intent that the same be passed, published, and used as true and genuine, in violation of Title 18, United States Code, Section 473.

        2.      Overt Acts One, Two, Five, Seven, and Ten of Count Three of this Indictment are realleged here.

        All in violation of Title 18, United States Code, Section 371.

-9-

## COUNT SIX

**(Dealing in Counterfeit Obligations or Securities)**

**THE GRAND JURY FURTHER CHARGES THAT:**

From in or about August 2008 through and including in or about November 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**DIB HANI HARB,**
**HASAN ANTAR KARAKI, and**
**MOUSSA ALI HAMDAN**

sold, exchanged, transferred, received, and delivered, and aided and abetted and willfully caused the same, false, forged, counterfeited, and altered obligations and other securities of the United States, that is, approximately $9,800 in 100-United-States-dollar bills, with the intent that the same be passed, published, and used as true and genuine.

In violation of Title 18, United States Code, Sections 473 and 2.

-10-